## LOU BRISTER V. THE STATE.

### No. 1575. Decided May 3, 1899.

**1. Simple Assault—Evidence Sufficient.**

On a trial for simple assault, where the evidence showed that two days prior to the occurrence defendant cursed the prosecutor and told him to fix himself, as he intended to beat him to death the first time he met him; and on the occasion of the assault, when he saw the prosecutor traveling on the road ahead of him, spurred his horse to a rapid gait, and as he approached near, accosted prosecutor in an angry and threatening manner, at the same time running his right hand into his pocket, whereupon prosecutor drew and presented his pistol upon him, causing him suddenly to stop when within a distance of five or six feet; Held, the facts clearly show an assault.

### 2. Same—Ability to Commit a Battery—Instructions.

Upon the facts as stated in paragraph 1, supra, the court did not err in refusing a special requested instruction to the effect that if the jury believed from the evidence that defendant was not close enough to the prosecutor to have committed a battery by physical violence upon him by the means used, they should acquit.

APPEAL from the County Court of Atascosa.     Tried below before Hon. N. R. WALLACE, County Judge.

Appeal from a conviction for simple assault; penalty, a fine of five dollars.

The opinion states the case.

No brief on file for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of a simple assault. Two errors are assigned: First, the court erred in refusing to give certain requested instructions; and, second, the insufficiency of the evidence to support the conviction.

The evidence shows: That Rielly, the alleged assaulted party, was traveling along in his wagon, when defendant hurriedly approached him on horseback, and, when first seen, was about forty or fifty yards distant. As he approached nearer, he called out to Rielly, in an angry and threatening manner, at the same time spurring his horse to a more rapid gait: "Have you got your butcher knife? If you have, use it, God damn you;" or "You can't use it;" or "You are afraid to use it." That at this juncture appellant changed his bridle reins from his right to his left hand, and, while riding rapidly towards witness, ran his right hand in his pocket. That when within five or six feet of witness, witness pointed his pistol at defendant, who suddenly stopped his horse. That appellant had nothing in his hands that could be seen. That witness could not see his right hand because it was in his pocket. That defendant would have still further advanced on him, if he (witness) had not stopped him with his pistol. A couple of days before this occurrence, appellant cursed Rielly, and said: "God damn you, you can fix yourself, for the first time I meet you I am going to beat you to death." This was the first meeting after the threat had been made. In our judgment, this clearly shows an assault.

The court was requested to charge the jury "that a mere attempt to commit a battery, not coupled with the present ability, is not sufficient to establish an assault, no matter how threatening the gesture, or how furious the words used; that, in order to effect the legal injury indictable as an assault, appellant must have the ability to commit a battery by physical violence on the person charged to have been assaulted with the means used; and in this case, if you believe from the evidence that the defendant was not close enough to J. M. Rielly to have committed a battery by physical violence upon said Rielly, by the means used, you should acquit." We do not believe the facts called for this charge. It is plain'

from the testimony that defendant intended to commit a battery; that he was approaching his intended victim in a violent and rapid manner, and had made demonstrations to use whatever was in his pocket, and at the time Rielly drew his pistol the accused was still approaching him in the same excited, angry, and threatening manner, indicating by his acts and by his words that he intended to engage him in a serious personal rencounter, because he had challenged him to use his butcher knife; and, but for the prevention of the assault by Rielly using his pistol, he would have reached him quickly. This, as we understand it, comes within the well-marked line of decisions in this State, and makes it an assault, and there was no error in refusing the charge, because not applicable to the facts adduced upon the trial. The judgment is affirmed.

*Affirmed.*